Mr. Justice Thacher
delivered the opinion of the court.
Appeal from the decree of the probate court of Holmes county.
This was a petition for dower to be allotted to Nancy Brown, in the estate of Willia.m G. Gary, her former husband. It sets forth that in the lifetime of Gary, he contracted to sell and did sell the land described in the petition, to Samuel R. Powel, but *367 that a conveyance was not made until after the decease of both Gary and Powel, when it was made to Powel’s heirs by order of the probate court of Holmes couhty. It also set forth that the petitioner, Nancy Brown, had never relinquished her dower in the land described. The cross-bill of Francis Wyatt, who contested the allotment of dower prayed for in the petition of William M. Brown and wife, admits the material statements of the petition for dower, but objects to the granting of its prayer, upon the ground that the whole consideration money of the sale of the land by Gary to Powel had been paid to the legal representatives of Gary’s estate, and that Brown and wife had received the distributive share thereof to which she was entitled by law. The cross-bill also alleges that Wyatt now holds the property, claiming through the heirs to whom it had been conveyed as aforesaid by order of the probate court. A demurrer was allowed to this cross-bill, and it was decreed to be dismissed.
It is material to a right of dower that the husband was seized during coverture, and that the wife has not aliened her right of dower. The circumstance that a widow has received her distributive share of the proceeds of the sale of his lands made during coverture is not an inquiry in a proceeding for dower. Caruthers v. Wilson, 1 S. & M. 527.
The demurrer was properly allowed, and the decree is therefore affirmed.